IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA           )
                                   )
            v.                     )           Criminal No. 14-47
                                   )
JOSEPH H. SAVAGE                   )

## THE UNITED STATES' SENTENCING MEMORANDUM

AND NOW comes the United States of America, through its counsel, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Shardul S. Desai, Assistant United States Attorney for said district, and respectfully files the following Sentencing Memorandum concerning the sentencing of defendant Joseph H. Savage.   Pursuant to the plea agreement, the parties have agreed on a within guidelines sentence of 30 months with 15 months of this sentence running concurrent to defendant's state custody.   The government requests that the remaining 15 months should run consecutive to the defendant's states sentence.   Such a sentence is needed to protect the public from the defendant as well as to reflect the seriousness of the defendant's offense and to deter the defendant and others from engaging in similar conduct. Moreover, such a sentence would be sufficient but not greater than necessary to meet the goals of sentencing.

## BACKGROUND

The defendant is a depraved individual who is completely unable to live peacefully in our society.   Over the last twenty years the defendant has engaged in extensive criminality that involves extremely violent and sexually abusive conduct. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the defendant has

1

shown a penchant for harmful, life-destroying behavior.   Additionally, the defendant's petulance is often expressed in violent threats.   Days after sending a threatening letter to a Pennsylvania State Trooper, on or about October 24, 2012, the defendant wrote and mailed a detailed, threatening letter to President Barack Obama.   The defendant's letter explicitly stated that he has killed others, that he will try to kill innocent people upon being released from prison, that he will search and kill the President's family, that he will torture President Obama, and that he will place the President's children in an oven to watch them burn.   In addition, the defendant attached to the letter a vivid drawing of the President beheaded and of a child burning in an oven.

Upon being interviewed by the United States Secret Service, the defendant admitted to writing the letter to President Obama.   The defendant stated that he is "tired of this country and the way shit is" and that he "doesn't believe what America believes in."   He explained that, if he was alone with President Obama, he would "beat the fuck out of him, smash his face in, and kill him." When asked if he really wanted to kill the President, the defendant replied that "if I could, I would" and that he would also try to kill former President George W. Bush and Governor Mitt Romney. The defendant recognized that he would not currently be able to get close to President Obama; he indicated that he would have to wait until the President is out of office but would attack military recruiting centers and other government officials in the meantime.   The defendant further stated that he would attempt to kill the President of the United States until he was killed or stopped.

The defendant also noted his violent past.   According to the defendant, he became a member of the Bloods while incarcerated, he "was shooting people for the Bloods" in and around Uniontown, and he "killed five people."   Moreover, the defendant admitted that he should not be released from prison.   He stated that it "seems like when I'm locked up, I do good" and that "I'm going to hurt somebody if I'm back out." Thus, it is clear that the defendant intends to harm others

2

upon being released from prison and that he is a self-recognized danger to society.

A federal grand jury indicted the defendant for threats against the President, in violation of 18 U.S.C. § 871, and threats against a member of the immediate family of the President, in violation of 18 U.S.C. § 879(a)(2).   The defendant was arraigned on March 24, 2014.   On March 11, 2015, the defendant pled guilty to both counts in the Indictment pursuant to a plea agreement.   Under the plea agreement, the parties agreed on a within guidelines sentence of 30 months under Federal Rule of Criminal Procedures 11(c)(1)(C).   The parties further agreed that 15 months of this sentence will run concurrent to defendant's lengthy state custody.   However, whether the remaining 15 months should run concurrent or consecutive to the defendant's states sentence is left to the Court's discretion.

The government requests that the remaining 15 month sentence run consecutive to the defendant's state court sentence.   The threats are of the utmost seriousness -- it is a threat against our government and intended to scare our nation's leaders from pursuing certain policies. Moreover, the need to protect the public is significant in this case.   The defendant has repeatedly stated his intent to harm others if released from prison.   These are not empty threats; the defendant has an extensive, violent criminal history.   In fact, the defendant, himself, recognizes that he should not be released from prison.   In addition, a concurrent sentence would effectively result in no additional punishment.   Without additional punishment, the defendant and others would be undeterred from engaging in similar conduct.   Finally, a 15 months consecutive sentence would be sufficient but not greater than necessary to meet the goals of sentencing.

### 18 U.S.C. § 3553(a)

This Court must impose a sentence that is reasonable in light of the factors listed in 18

U.S.C. § 3553(a).   Section 3553(a) directs this Court to impose a sentence that is sufficient to account for each of the relevant § 3553(a) factors but that is no longer than necessary.   An analysis of the § 3553(a) factors in this case demonstrates that a consecutive sentence is warranted.

A.   Nature of the Offense

This is one of the most serious offenses.   The defendant sent a letter to the President of the United States threatening not only the President but also his minor daughters.   The purpose of such a letter is to scare our nation's highest public servant from pursuing certain policies that the defendant opposes.   Our nation would be crippled if its leaders had to make difficult policy choices under life threatening conditions.

B.   History and Characteristics of the Defendant

The defendant has engaged in extensive criminality that involves extremely violent and sexually deviant conduct. ████████████████████████████████████████████████████████████████████████████████████████████ Upon being released from prison, the defendant robbed or attempted to rob others.

In 2012, the defendant was charged with a number of seriously disturbing offenses.   He was arrested for the following: █████████████████████████████████████████████████████████████ and smashing the walls and doors at a prison while cursing profanities at his attorney and an officer.   These incidences did not deter the defendant from continuing his criminal conduct.   While incarcerated pending the outcome of these serious state offenses, the defendant wrote two threatening letters.   The first was sent to a Pennsylvania State Police trooper, which led to the defendant being charged with terroristic threats.   The second was the one he sent to the President Obama, which is the basis of this instant

4

prosecution.

The defendant entered a plea agreement on his state charges.   He entered a nolo contendere plea to Aggravated Indecent Assault of a Child and received a sentence of 10 to 20 years.   In addition, he entered a nolo contendere plea to Disorderly conduct (sentence of 6 to 12 months) and to Indecent Exposure/Corruption of Minors (sentence of 2.5 to 5 years) and received concurrent sentences.   He also entered a guilty plea to terroristic threats and received a sentence of 2.5 to 5 years consecutive to the other convictions/sentences.   The defendant, thus, is looking to serve 12.5 to 25 years in state custody.   Had the defendant wrote the threatening letter to President Obama after entering into his nolo contendere pleas with the state, he would have been a Career Offender.   Instead, he is looking to serve a 30 month sentence on his federal conviction.

Moreover, the defendant has claimed to have killed others.   In his threatening letter to President Obama, he claimed that he was not caught for killing another.   In his interview with Secret Service, he claimed to have killed five people.   The defendant himself recognizes that he will harm others if released from prison.

The defendant's conduct has not been curtailed by incarceration; he has continued to commit violent crimes while incarcerated.   His disorderly conduct conviction, terroristic threat conviction, and this instant conviction all occurred after the defendant was incarcerated.

The defendant also is a threat to himself.   He attempted to commit suicide in 2008 because he "could not take being free, and being out in the world."   The defendant is a dangerous person who does not know how to live peacefully in society.   He has a penchant for violent and sexually abusive behavior, and he is unable to coexist with society.   As such, a 15 month consecutive sentence appears to be appropriate under the circumstances.

C.   The Need for the Sentence Imposed to Reflect the Seriousness of the Offense

Congress requires that sentencing courts consider the need for the sentence imposed to reflect the seriousness of the offense.   As mentioned above, this is one of the most serious offenses.   Our nation's leaders must be free to make difficult policy choices without fear of death to themselves or their children.   A consecutive sentence would reflect the seriousness of the offense.

D.   The Need for the Sentence Imposed to Promote Respect for the Law

As his criminal history reflects, the defendant is unable to follow the rules of law in an orderly society.   Moreover, the defendant has committed a number of crimes while incarcerated including this instant offense.   The defendant recognizes his own deficiency stating that he is better when in prison then when released into society.

Threats such as the ones made by the defendant should not be tolerated in the Western District of Pennsylvania.   To promote respect for the law, a consecutive sentence is necessary. A fully concurrent sentence would suggest that such threats will not be fully punished.   Only a consecutive sentence will send a message to the defendant and others that the law should be taken seriously.

E.   The Need for the Sentence Imposed to Provide Just Punishment

Just punishment is another factor that Congress directs courts to consider when imposing a sentence.   A concurrent sentence would result in no further punishment.   This is not just punishment.   Just punishment requires that the defendant be sentenced to some punishment greater than simply serving his state sentence.   Otherwise, the defendant would not be held accountable for his actions.

F.   The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct

Deterrence is a key factor to consider.   A fully concurrent sentence would not deter the defendant (and others) from similar conduct in the future because such a sentence provides no additional consequences for making such threats.   Alternatively, a consecutive sentence will result in additional consequences and, thus, likely to deter.

G.   The Need for the Sentence Imposed to Protect the Public

The Court must impose a sentence that will adequately protect the public from further crimes.   This is a critical factor in this case.   The defendant is a dangerous person who intends to harm people if released and has harmed people in the past.   The defendant, himself, recognizes that he is unable to live peacefully in society.   Thus, recidivism is essentially guaranteed.   A consecutive sentence rather than a concurrent sentence is needed to protect the public from the defendant.

CONCLUSION

For all of the reasons set forth above, the government respectfully requests the Court to impose a 30 months sentence with 15 months to be served consecutive to defendant's state sentences.   Such a sentence would be sufficient, but not greater than necessary, to meet the goals of sentencing.

7

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

/s/ *Shardul S. Desai*
SHARDUL S. DESAI
Assistant U.S. Attorney
DC Bar No. 990299
U.S. Post Office and Courthouse
700 Grant Street
Suite 4000
Pittsburgh, PA 15219
412/644-3500